UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

DONNA DAMI

    Plaintiff,

vs.

NCL (BAHAMAS) LTD., A
BERMUDA COMPANY,
d/b/a NORWEGIAN CRUISE LINES, INC.

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, DONNA DAMI, by and through undersigned counsel, and sues the Defendant, NCL (BAHAMAS) LTD., (A Bermuda Company), d/b/a NORWEGIAN CRUISE LINES, INC., and further states as follows:

### JURISDICTIONAL AND VENUE ALLEGATIONS

1. This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2. Plaintiff, DONNA DAMI (hereinafter "Plaintiff"), is *sui juris*, is a citizen and resident of the state of California and was at all times material a fare-paying passenger aboard Defendant's cruise ship PRIMA.

3. Defendant, NCL (BAHAMAS) LTD., d/b/a NORWEGIAN CRUISE LINES, INC, (hereinafter "NCL"), is a foreign entity with its principal place of business in Miami, Florida.

4. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1333 because this is

a maritime cause of action as well as complete diversity of citizenship.

5. At all times material hereto, NCL has conducted ongoing, substantial, and not isolated business activity in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all times material, NCL has engaged in the business of operating maritime cruise vessels for paying passengers including the Plaintiff.

7. In its ticket contract with Plaintiff, NCL requires fare-paying passengers like Plaintiff to bring any lawsuit against NCL arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper.

8. Venue is also proper in this district because NCL's principal place of business is located within this district.

9. Plaintiff has complied with all conditions precedent to filing this action.

## GENERAL ALLEGATIONS

10. NCL owed Plaintiff a duty of reasonable care in the circumstances.

11. On or about October 21, 2023, the Plaintiff was a fare-paying passenger aboard NCL's cruise ship PRIMA.

12. On that date, the Plaintiff was walking down the hallway to her passenger cabin.

13. A cleaner had placed a large cleaning cart filled with cleaning supplies on one side of the hallway adjacent to Plaintiff's passenger cabin and had left a mop bucket and a vacuum cleaner on the other side of the narrow hallway thus

creating obstructions to Plaintiff entering her passenger cabin.

14. As Plaintiff proceeded to walk in the direction of the doorway to her cabin, she attempted to maneuver around the cleaning cart, vacuum cleaner and mop bucket but got her foot caught and tripped over a mop bucket of water that the cleaner had left unattended in the hallway adjacent to Plaintiff's cabin with the vacuum cleaner and large cleaning cart.

15. Plaintiff was trying to be careful and avoid tripping on the several tripping hazards that were blocking her entrance to her passenger cabin but tripped over a mop bucket of water.

16. Defendant's duty of reasonable care in the circumstances includes keeping walking areas free from hazards and obstructions like cleaning buckets, mops and cleaning carts.

17. On the aforesaid date, NCL owned and/or operated the PRIMA.

18. At all times material Plaintiff acted with due care for her own safety.

## COUNT I – NEGLIGENCE

19. Plaintiff reavers and realleges paragraphs 1 through 18 as if set forth herein.

20. Defendant owed Plaintiff a duty of reasonable care in the circumstances to maintain the PRIMA in a reasonably safe in the circumstances condition.

21. The Defendant has a duty of reasonable care in the circumstances to keep walking areas free from obstructions .and to place warning signs or cones in the area where cleaning is occurring. In addition, Defendant has a duty not to direct passengers to walk in an area that contains such hazards to pedestrian traffic and to keep walking areas well-lit and free from obstructions or, in the

22. alternative, to assist passengers who encounter obstructions created by Defendant in the passenger's walking path.

23. NCL had actual knowledge and/or constructive knowledge of the unreasonably dangerous qualities of the cleaning bucket as alleged in paragraphs 13-15 and aforementioned obstacles and obstructions created at Plaintiff's cabin door through the knowledge and observations of the employees working in the area.

24. At all times material, NCL created the dangerous conditions of which Plaintiff complains in paragraphs 13-15 and/or the dangerous conditions existed for a sufficient period that NCL had actual and/or constructive knowledge of the dangerous conditions, and/or NCL had actual and/or constructive knowledge of the dangerous conditions through the ordinary observations of its crewmembers working in the area.

25. As a result of the foregoing, the Plaintiff was seriously injured in and about her body and extremities when she tripped and fell over a mop bucket which was causing an obstruction to her entering her passenger cabin. Plaintiff has suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and suffered physical handicap and a loss of the ability to enjoy life; suffered a loss of earnings and/or earning capacity and lost the enjoyment and value of the cruise vacation. Plaintiff suffered a fractured wrist which required surgery with hardware to repair and other injuries including scarring from surgery. Said injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from NCL for damages, pre-judgment interest and costs.

### COUNT II - NEGLIGENT FAILURE TO WARN

25. Plaintiff reavers and realleges paragraphs 1 through 18 as if set forth herein.

26. Plaintiff was seriously injured when she tripped over a mop bucket that had been left in the hallway adjacent to her cabin along with a large cleaner's cart, and a vacuum cleaner.

27. NCL was aware or should have been aware through the exercise of reasonable care in the circumstances of the unreasonable danger posed by the subject cleaning cart, vacuum and mop bucket based on a) the observations of NCL employees prior to the Plaintiff being injured. These employees who are cleaners would have placed all these hazards in Plaintiff's path as she attempted to enter her cabin,

28. The dangerous conditions as previously alleged in paragraph 13-15 were neither open nor obvious to the Plaintiff using her five senses before she encountered them outside her cabin door, nor was she told about the existence of the tripping hazard prior to her being injured. Defendant should have warned Plaintiff that the entrance to her cabin was obstructed and that Plaintiff should not attempt to enter her cabin at that time.

29. At all times material, the Plaintiff was acting with due care for her own safety.

30. As a result of the negligence of NCL as aforesaid, the Plaintiff was injured in and about his body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered a loss of earnings and/or loss of earning capacity; suffered a loss of enjoyment and value of the cruise. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and

impairments in the future. Plaintiff underwent surgery for a fractured wrist and suffered other injuries as well.

WHEREFORE, Plaintiff demands judgment from NCL for damages, pre-judgment interest and costs. Jury trial is demanded.

## COUNT III-VICARIOUS LIABILITY

31. Plaintiff reavers and realleges Paragraphs 1-18 as if set forth herein.

32. Defendant employed a cleaner where Plaintiff was injured.

33. The cleaner either negligently placed a mop bucket in a hallway adjacent to Plaintiff's cabin with a large cleaning cart and a vacuum cleaner or the cleaner was aware of the existence of the mop bucket, vacuum and large cleaning cart that another crew member had placed in a walking area adjacent to Plaintiff's passenger cabin.

34. Defendant owed the Plaintiff a duty to not to place a mop bucket, vacuum cleaner and large cleaning cart in a walking area and the cleaner also owed a duty to warn Plaintiff of the existence of a mop bucket, vacuum and cleaning cart in a passenger hallway where the Plaintiff was reasonably expected to walk to try and access her passenger cabin.

35. The employee failed to advise NCL that the mop bucket was left unattended in a passenger walking area and then failed to warn Plaintiff of the existence of the mop bucket and then in an area where Plaintiff could encounter the bucket and trip over it. The cleaner failed to warn the Plaintiff about the mop bucket, vacuum cleaner and large cleaning cart so that Plaintiff could be prepared to encounter the hazards or wait until the hazards were removed from the entrance to Plaintiff's passenger

cabin.

36. As a result of the foregoing, NCL is vicariously liable for the actions or non-actions of its employee (Cleaners) as alleged in Paragraph 36 above.

37. As a result of the negligence of NCL as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered a loss of enjoyment and value of the cruise; suffered a loss of earnings and/or earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future. Plaintiff was required to undergo surgery to repair a fractured wrist and suffered other injuries including scarring from surgery as well.

WHEREFORE, Plaintiff demands judgment from NCL for damages, pre-judgment interest and costs.  Jury trial is demanded.

DATED this 13TH Day of August, 2024.

Respectfully submitted,

/s/ *Paul M. Hoffman, Esq.*
PAUL M. HOFFMAN, ESQ.
Florida Bar No. 0279897
pmh@paulhoffmanlaw.com
2881 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: 954-707-5040
Facsimile:  954-315-1702
*Attorney for Plaintiff*